UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| METROPOLITAN PROPERTY AND | ) | |
| CASUALTY INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | NO.  07-10746-NMG |
| | ) | |
| ADVANCED SPINE CENTERS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF DECISION AND ORDER
ON PLAINTIFF'S EMERGENCY MOTION FOR
PROTECTIVE ORDER AND/OR INJUNCTIVE RELIEF**

May 13, 2010

DEIN, U.S.M.J.

## I.  INTRODUCTION

This matter is before the court on "Plaintiff, Metropolitan Property and Casualty

Insurance Company's Emergency Motion for Protective Order and/or for Injunctive

Relief Pursuant to Fed. R. Civ. P. 26(c) and Local Rule 40.4(a)(1)" (Docket No. 260).

By its motion, plaintiff Metropolitan Property and Casualty Insurance Company

("Metropolitan") is seeking an order precluding the defendants and their counsel from

seeking or pursuing discovery in other forums, including but not limited to the Lowell

District Court, regarding the following categories of documents and information:

A.     Any and all communications and/or documents between
       Metropolitan and its counsel in connection with the present litigation
       or the investigation in support of its allegations;

B.      Any and all privileged work product generated by Metropolitan or its counsel in connection with the present litigation or the investigation in support of its allegations;

C.      Any and all documents prepared by Metropolitan, or its counsel, or its experts in anticipation or preparation of litigation, relating to the present litigation or the investigation in support of its allegations;

D.      Any and all communications and documents between Metropolitan, Metropolitan's counsel, and its experts in connection with the present litigation or the investigation in support of its allegations; and

E.      Any and all documents prepared or compiled by Metropolitan's Special Investigations Unit ("SIU") for any of the individual underlying claims at issue in the case at bar, and which were and may continue to be investigated by the SIU between 2000-2010.

In addition, by its motion, Metropolitan is seeking an order staying enforcement of an Order for Temporary Injunctive Relief, which was issued by the Lowell District Court on April 28, 2010 in the matter of <u>Advanced Spine Centers, Inc. v. Metropolitan Property & Casualty Insurance Company</u>, No. 0811CV3582.

At oral argument, Metropolitan agreed to withdraw its motion to the extent that it seeks injunctive relief since Metropolitan had not addressed any of the factors necessary to obtain injunctive relief, such as the likelihood of success on the merits or irreparable harm.  Accordingly, the motion for injunctive relief is hereby WITHDRAWN WITHOUT PREJUDICE.  This court has construed Metropolitan's motion as one for a protective order.  As described below, Metropolitan has failed to present any legal basis for its requested relief.  Accordingly, and for the reasons detailed herein, Metropolitan's motion

for a protective order, including its request for a stay of the state court's temporary injunction order, is DENIED.

## II.   **FACTUAL BACKGROUND**

The following facts are relevant to the pending motion.[1]

On April 16, 2007, Metropolitan brought this action against five corporations and various individuals, including chiropractors, physical therapists and medical doctors, alleging that the defendants engaged in a fraudulent scheme to obtain insurance benefits from Metropolitan "by billing for false medical, chiropractic and physical therapy evaluations and treatments allegedly provided to individuals who reportedly sustained injuries in automobile accidents covered by Personal Injury Protection ('PIP') benefits, as prescribed by the Massachusetts 'No-Fault' statute, M.G.L. c. 90, § 34M, and the Massachusetts Automobile Insurance Policy (Seventh Edition)[.]"  (Compl. (Docket No. 1) ¶ 2).  In particular, the plaintiff claims the defendants submitted false treatment records, notes, reports and bills to Metropolitan, and that Metropolitan relied upon the defendants' false information and representations in connection with its decisions to pay insurance benefits.  (Id. ¶¶ 3-4).  By its Amended Complaint, Metropolitan has asserted

---

[1]   The facts are based on (1) the exhibits attached to Metropolitan's motion for a protective order (Docket No. 260) ("Pl. Ex."); (2) the exhibits attached to the defendants' "Opposition to Motion for a Protective Order, Etc." (Docket No. 272) ("Def. Ex."); (3) the Order for Temporary Injunctive Relief attached as Exhibit A to Metropolitan's Addendum to its motion for a protective order (Docket No. 286); and (4) the exhibits attached to the defendants' "Opposition to Plaintiff's 'Addendum' to Motion for Protective Order, Etc." (Docket No. 287) ("Def. Supp. Ex.").

claims against the defendants for common law fraud/deceit, conspiracy, negligent misrepresentation, negligent supervision, intentional interference with contractual relations, intentional interference with advantageous business relationships, and unfair and deceptive trade practices pursuant to Mass. Gen. Laws ch. 93A ("Chapter 93A"). (Am. Compl. (Docket No. 142) at Counts I-IX).  In addition, Metropolitan is seeking injunctive and equitable relief pursuant to Chapter 93A.  (Id. at Counts X-XI).  Attorney Francis Gaimari of the law firm of Fireman & Associates, LLP represents the five corporations and thirteen of the individuals who have been named as defendants in the case.  Discovery has been substantially completed, and dispositive motions are pending before this court.  (See Docket Nos. 236, 250-52 & 265).

On July 9, 2007, four of the corporate defendants filed amended counterclaims against Metropolitan in which they alleged, inter alia, that Metropolitan breached its obligations under Massachusetts law by wrongfully failing to pay PIP benefits, pursuant to Mass. Gen. Laws c. 90, § 34M, for medical treatments that the defendants had provided to numerous patients.  (See Docket Nos. 112-15).  Metropolitan moved to dismiss the counterclaims, and on August 24, 2007, the District Court allowed Metropolitan's motions.  (See Docket Nos. 130-33; Docket Entries dated 08/24/2007). Subsequently, two of the corporate defendants in this action, Advanced Spine Centers, Inc. ("Advanced Spine") and Excel Physical Therapy, Inc. ("Excel"), filed numerous lawsuits against Metropolitan in Lowell District Court in which they sought to recover the allegedly unpaid PIP benefits.  (Pl. Mot. (Docket No. 260) at 5-6; see, e.g., Def. Exs.

4

1-5).  Attorney Gaimari represents the plaintiffs in those actions.  (See Pl. Exs. C and E).

Additionally, the record indicates that in at least some of those cases, Metropolitan has

asserted counterclaims and third-party claims for fraud, conspiracy and unfair or

deceptive practices pursuant to Chapter 93A.  (See, e.g., Def. Exs. 2 ¶ 1, 4 ¶ 1, 5 ¶ 1, and

29).  Accordingly, some of the same claims that Metropolitan is pursuing in this action

are also being litigated in state court.

   Metropolitan claims that during the course of the state court proceedings, Attorney

Gaimari and his clients "have targeted and sought the improper production of Metropoli-

tan's privileged documents and information relating to this case[.]"  (Pl. Mot. at 7).  It

also asserts that although Metropolitan has maintained objections to the disclosure of

such information, Attorney Gaimari and his clients have filed motions to compel,  almost

all of which have been allowed by the state court judge.  (Id. at 7-8).  The record

confirms that the Lowell District Court has repeatedly issued orders directing

Metropolitan and its attorneys to produce documents and materials sought by Advanced

Spine in discovery.  (See Pl. Ex. D).  It also shows that the state court judge has found

Metropolitan's privilege claims to be frivolous.  In particular, in an order on Advanced

Spine's motion for summary judgment, the state court judge stated in relevant part as

follows:

> Nor is this case an isolated instance of this type of discovery abuse
> on the part of [Metropolitan] and its counsel. [Metropolitan] and its
> attorneys have repeatedly refused to provide routine discoverable
> documents in discovery (e.g., record reviews, statements, claim
> notes, etc.) on the frivolous claim of "privilege" and "work product"

> in other cases, forcing numerous motions to compel discovery,
> motions for sanctions and motions for summary judgment similar to
> this one.  See, e.g., 0911CV0315, 0911CV1356, 0911CV0004,
> 0911CV0258, 0911CV1485, 0811CV3582, 0911CV2328.
> Metropolitan's present counsel has also taken the same frivolous
> position on discovery on behalf of other insurer-client.  See e.g.
> 0911CV0480, 0911CV1359, 0911CV1358, 0811CV4679.

(Def. Ex. 2 ¶ 5).

While barely refraining from charging the state court trial judge with incompetence or worse, Metropolitan contends that the trial judge simply signs all orders put before him by Attorney Gaimari, including orders on Attorney Gaimari's motions to compel, and has refused to let Metropolitan present its arguments fully.  This assertion is hotly contested.  Attorney Gaimari and the defendants have responded to Metropolitan's charges in their pleadings, and have provided at least colorable factual support for the state court judge's rulings.  (See Def. Opp. (Docket No. 272) at 7-19).

According to Metropolitan, to the extent the state court cases have reached final judgment, it has challenged the discovery orders on appeal.  (Pl. Mot. at 8).  However, it has not indicated whether or to what extent it has been able to prevail at the appellate level.  The record indicates that on one occasion, Metropolitan sought relief from a discovery order by filing an interlocutory appeal with the Massachusetts Supreme Judicial Court ("SJC").  (See Def. Ex. 8).  Therein, Metropolitan argued, among other things, that the trial court had erred by ordering it to produce materials protected by the attorney-client privilege and work product doctrine.  (Id.).  The SJC ruled that "[a]s to the order

6

compelling Metropolitan to produce documents, this Court finds no abuse of discretion that would warrant relief." (Def. Ex. 9).

On April 28, 2010, the Lowell District Court issued an Order for Temporary Injunctive Relief ("Order") in the matter of <u>Advanced Spine Centers, Inc. v. Metropolitan Property & Casualty Insurance Co.</u>, No. 0811CV3582.   (Pl. Addendum (Docket No. 286) at Ex. A).  The Order enjoins Metropolitan and its attorneys, as well as their "respective employees, agents, servants, partners, associates, and contractors, and all persons under their direction and over whom they have control" from having any direct or indirect contact or communications of any kind, pending further order of the court, with Advanced Spine, Brian Culliney, Ratish Patel, Accelerated Receivables Management Solutions, LLC or Robert Fireman, or any of their present or former employees.  (<u>Id.</u>). However, it does allow for contact with Fireman & Associates, LLP, through Attorney Gaimari, "as necessary and/or as required by law or rule of Court."  (<u>Id.</u>).  Advanced Spine and Brian Culliney are defendants in the present action.  (Am. Compl. ¶¶ 14, 26). Metropolitan contends that the Order bars it from contacting any witness in this action, even if that witness is <u>pro se</u> or represented by counsel other than Attorney Gaimari. (Addendum at 3).  It also contends that the Order adversely affects its ability to prepare for trial in this case.  (<u>Id.</u> at 4).

### III. <u>ANALYSIS</u>

By its motion, Metropolitan is seeking both a stay of the state court's injunction Order and protection from having to produce in the state court or in other forums documents and information that are related to or were generated in connection with the instant case, and which Metropolitan contends are privileged or subject to the attorney work product doctrine. Metropolitan argues that by seeking such documents and information in the state court, Attorney Gaimari and his clients are improperly attempting to circumvent the applicable discovery deadline in this case. However, even assuming <u>arguendo</u> that Metropolitan was able to prove that the state court's rulings were wrong (which it has not), Metropolitan has not shown that this court has authority to intervene in any of the state court proceedings or to grant it the requested relief.

As an initial matter, the fact that Attorney Gaimari and his clients are seeking in the state court cases discovery of material that is relevant to this case or was prepared in connection with this case does not in any way suggest that the defendants are attempting to circumvent the applicable discovery deadline or are otherwise engaged in foul play. As detailed above, both this matter and the state court litigation concern claims for PIP benefits under Mass. Gen. Laws ch. 90, § 34M. Furthermore, Metropolitan has asserted claims in the state court actions that are similar if not identical to some of its claims in this case. There is nothing unusual about having parallel claims in two different jurisdictions. <u>See</u> <u>Jimenez v. Rodriguez-Pagan</u>, 597 F.3d 18, 27 (1st Cir. 2010) ("It has long been established that the presence of parallel litigation in state court will not in and

of itself merit abstention in federal court").  It is therefore not surprising that the

defendants would be seeking discovery relating to this case in the state court actions.

Moroever, although Metropolitan is seeking a protective order rather than

injunctive relief, it is effectively asking this court to intervene in the state court actions

and to enjoin enforcement of the Lowell District Court's discovery and injunction orders.

"Proceedings in state courts should normally be allowed to continue unimpaired by

intervention of the lower federal courts, with relief from error, if any, through the state

appellate courts and ultimately [the Supreme] Court." Atl. Coast Line R.R. Co. v. Bhd.

of Locomotive Eng'rs, 398 U.S. 281, 287, 90 S. Ct. 1739, 1743, 26 L. Ed. 2d 234 (1970).

Metropolitan has not explained why this case presents an exception to that principle.  Nor

has it cited to any authority that would justify this court's intervention in the state court

proceedings.  Accordingly, Metropolitan's motion is DENIED.

## IV.  CONCLUSION

For all the reasons detailed above, Metropolitan's motion for a protective order

(Docket No. 260), including its request for a stay of the temporary injunction order issued

by the Lowell District Court, is DENIED.

 /s/Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

9