United States District Court
District of Massachusetts

```
_____
                                   )
METROPOLITAN PROPERTY & CASUALTY    )
INSURANCE,                         )
         Plaintiff,                )
                                   )    Civil Action No.
     v.                            )    07-10746-NMG
                                   )
ADVANCED SPINE CENTERS INC. ET     )
AL.,                               )
         Defendants.               )
_____)
```

MEMORANDUM & ORDER

GORTON, J.

This matter is before the Court on the parties' joint motion to vacate, seal and impound and for further relief. As reasons therefore, the parties suggest that they are negotiating a settlement and that the requested relief will facilitate its realization.

The parties filed their joint motion under seal, albeit without seeking leave of court to do so pursuant to Local Rule 7.2(a). To the extent that the parties intend to seek such leave, their request will be denied. The subject pleading contains no proprietary or otherwise confidential information and, as such, will be docketed publicly.

Upon consideration of the pending joint motion, it will be **ALLOWED**, in part, and **DENIED**, in part, as follows:

-1-

1) The Court will retain under advisement the Report & Recommendation ("R&R") of Magistrate Judge Dein dated May 21, 2010, (Docket No. 299) until July 1, 2010, in order to allow the parties to continue their negotiations but the Court will, under no circumstances, strike the R&R from the record or prohibit its use in other court or administrative proceedings. See Federal Trade Commission v. Standard Financial Management, 830 F.2d 404, 410-11 (1st Cir. 1987) (upholding the unsealing of documents in the absence "special circumstances" sufficient to overcome the presumption of public access to judicial documents).

2) In accordance with the recommendation of Magistrate Judge Dein (and the parties' agreement), the Court will strike from the record the affidavits of the Settling Defendants and order that they will not be used in the instant action but, lacking both the authority and the inclination to do so, the Court will not prohibit the use of such affidavits in any other court or administrative proceeding.

3) In order to facilitate the continuation of settlement negotiations, the deadline by which Attorney Gaimari must withdraw as counsel for the defendants is extended

      until July 1, 2010.

4)    If settlement of this case is not consummated on or before July 1, 2010, Att'y Gaimari shall, pursuant to the R&R under advisement, report to this Court:

    (a)    whether he intends to continue to represent any defendants in this action and, if so, submit evidence of the informed consent of all present and former clients (as set forth in said R&R); and

    (b)    file a motion to withdraw as counsel for those defendants whom he will not represent.

**So ordered.**

                                    /s/ Nathaniel M. Gorton
                                    Nathaniel M. Gorton
                                    United States District Judge

Dated June 18, 2010